IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAURA-HELEN SAPP, )
)
        Plaintiff, )
)
    v. ) 1:10CV199
)
SECURITY ATLANTA MORTGAGE CO., )
INC., MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., )
NATIONWIDE TRUSTEE SERVICES, INC., )
and JOHNSON & FREEDMAN, LLC, )
)
        Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on the Motion to Dismiss of Defendants Mortgage Electronic Registration Systems, Inc., Nationwide Trustee Services, Inc., and Johnson & Freedman, LLC (Docket Entry 10); the Amended Motion to Dismiss of Defendants Mortgage Electronic Registration Systems, Inc., Nationwide Trustee Services, Inc., and Johnson & Freedman, LLC (Docket Entry 17); and the Motion to Correct Docket Entries 13, 14 and 15 (Docket Entry 16) filed by the same. For the reasons that follow, the Court should grant Defendants' Motions to Dismiss and deny the Motion to Correct Docket Entries as moot.

Background

Plaintiff, proceeding pro se, filed her Complaint, entitled Petition in the Nature of a Motion for Claim in Equity for the Beneficial Interest for the Trust, in Guilford County Superior Court, naming Security Atlantic Mortgage Co., Inc. (incorrectly referred to as Security Atlanta Mortgage Co., Inc. in the Complaint) ("Security Atlantic"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Nationwide Trustee Services, Inc. ("NTS") and Johnson & Freedman, LLC ("Johnson & Freedman") as "Respondents". (See Docket Entry 4.)[1] MERS, NTS and Johnson & Freedman timely filed a Notice of Removal of Defendants, removing the instant action to this Court on the basis of diversity of citizenship. (See Docket Entry 1, ¶¶ 4-7; Docket Entry 2, ¶¶ 4-7.)

MERS, NTS and Johnson & Freedman subsequently filed a Motion to Dismiss (Docket Entry 10), contending that "Plaintiff's [Complaint]: (1) is untimely under North Carolina law for that portion of the [Complaint] that appears to attempt to seek equitable relief; and, (2) taken as a whole, is both incoherent and incomprehensible, and cannot possibly state a legally sufficient

---

[1] Although Plaintiff's Complaint begins, "COMES NOW, Laura Helen-Sapp, Petitionary/Beneficiary by and through her Authorized Representative . . ." (Docket Entry 4 at 1 (emphasis added)), Plaintiff appears to be proceeding without counsel (see Docket Entry 4 at 1 (noting Plaintiff is acting without legal education), 4 (showing Complaint signed solely by Plaintiff)).

claim against any of the named Defendants." (Docket Entry 11 at 1.)

Plaintiff then filed Affidavits of Service as to Defendants MERS, NTS and Johnson & Freedman (Docket Entries 13, 14, 15), prompting those Defendants to file an Amended Motion to Dismiss (Docket Entry 17), incorporating the arguments in their previously filed Motion, but also contending that Plaintiff's service was ineffective (see Docket Entry 18 at 2-4). Said Defendants also filed a Motion to Correct Plaintiff's Affidavits of Service, contending that despite Plaintiff's statement that service was effectuated on December 12, 2011, the United States Postal Service shows an actual delivery date of December 19, 2011. (See Docket Entry 16, ¶¶ 1-4.) Accordingly, Defendants request that Plaintiff's Affidavits of Service be corrected to reflect the appropriate date, and that the due date for the Answer be adjusted accordingly. (See id. ¶ 4.)

After Defendants filed their Motion to Dismiss, and again after Defendants filed their Amended Motion to Dismiss, the Clerk sent Plaintiff a letter explaining that Plaintiff had "the right to file a 20-page response in opposition to [the instant motions to dismiss] . . . ." (Docket Entries 12 at 1; 19 at 1.) Those letters specifically cautioned Plaintiff that her "failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude

-3-

that the defendant's contentions are undisputed. . . . Therefore, unless [she] file[s] a response in opposition to the defendant[s'] motion, it is likely [her] case will be dismissed or summary judgment granted in favor of the defendant[s]." (Docket Entries 12 at 1; 19 at 1.) Despite these warnings, Plaintiff has made no additional filings with the Court, whether in the form of a Response or otherwise. (See Docket Entries dated Jan. 24, 2012, to present.)

## Motion to Dismiss

The instant action warrants dismissal due both to Plaintiff's failure to respond to Defendants' Motions to Dismiss and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. LR7.3(k). Moreover, the Clerk specifically warned Plaintiff that her failure to respond to the instant Motion would likely lead to dismissal. (See Docket Entries 12 at 1; 19 at 1.) Plaintiff has offered no explanation to the Court for said failure. Accordingly, the Court should follow its general rule and dismiss Plaintiff's action.

In addition, Defendants are entitled to dismissal because Plaintiff's Complaint fails to state a claim upon which relief can be granted. A complaint fails to state a claim if it does not

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

Moreover, although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain

---

[2] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. 679, respectively)).

Plaintiff's Complaint contains neither factual matter nor labels and conclusions that would allow the Court to construe a viable claim. (See Docket Entry 4.) Even the basic facts underlying Plaintiff's Complaint are unclear. (See id.) Although Plaintiff appears to complain of a foreclosure action, she references admiralty and maritime law in addition to the constitutions of the United States and North Carolina. For example, Plaintiff's Complaint begins:

> COMES NOW, Laura-Helen Sapp, Petitioner/Beneficiary by and through her Authorized Representative, comes in peace, not as a combatant, and not as an enemy of any State and/or UNITED STATES with ill intent, "Restricted Appearance" Rule E(8), Supplemental Rules for certain Admiralty and Maritime claims before this court seeking a remedy in Admiralty as provided by "The Saving to the Suitors Clause" at USC 28-1333(1), and Constitution of North Carolina State and united states of America "As lawfully Amended" under contract and trust laws.

(Id. at 1.) And it concludes:

> Demand that Respondents produce their proof of claim with inspection the "Original Mortgage Note" with wet ink signatures, along with the Title Page that shows whether or note [sic] the mortgage has been satisfied. We believe that SECURITY ATLANTA MORTGAGE CO. INC. has sold the original note and failed to give credit to the account. This note was created on my credit, and signature, and was not an asset of SECURITY ATLANTA MORTGAGE CO. INC. I believe the Respondents have not been damaged and have no legal right to a claim. This is Dishonor in Commerce, Fraud, Theft, Conspiracy, and Racketeering.

(Id. at 4.)

The body of Plaintiff's Complaint does little to clarify these statements, as it is similarly disjointed and lacking in factual assertions. (See Docket Entry 4.) Accordingly, regardless of the liberal construction Plaintiff's pro se filing is afforded under Erickson, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). See, e.g., Bustos v. Chamberlain, C.A. No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009) (unpublished) ("[T]he requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." (citation omitted)); Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) ("[T]he liberal construction applied to a pro se plaintiff's complaint has its limits. The Court is not required to conjure up questions never squarely presented in the complaint." (internal quotation marks and citations omitted)).

Conclusion

On the record of this case, no reason exists to depart from the general rule that Plaintiff's failure to respond to Defendants' Motions to Dismiss warrants granting the relief requested. See M.D.N.C. LR7.3(k). Furthermore, because the Court is unable to decipher a claim from Plaintiff's Complaint, the instant action warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss of Defendants Mortgage Electronic Registration Systems, Inc., Nationwide Trustee Services, Inc., and Johnson & Freedman, LLC (Docket Entry 10) and the Amended Motion to Dismiss of Defendants Mortgage Electronic Registration Systems, Inc., Nationwide Trustee Services, Inc., and Johnson & Freedman, LLC (Docket Entry 17) be granted and that this action be dismissed.

**IT IS FURTHER RECOMMENDED** that the Motion to Correct Docket Entries 13, 14 and 15 (Docket Entry 16) be denied as moot.

                                         /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                               **United States Magistrate Judge**

April 16, 2012